**Artush GRIGORIAN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71747.
Agency No. A70–918–766.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 10, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Federal Rules Appellate Procedure 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Artush Grigorian, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mary Jane Candaux, Esq., Stephen J. Flynn, Deborah N. Misir, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM***

Artush Grigorian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's ("IJ") denial of his application for asylum, withholding of deportation and re-

*** This disposition is not appropriate for publication and may not be cited to or by the

lief under the Convention Against Torture ("Convention"). Because transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *see Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

The IJ found changed country conditions such that Grigorian does not have a well-founded fear of future persecution on account of an enumerated ground. Grigorian does not challenge either that finding or the denial of relief under the Convention in the opening brief. He has therefore waived these issues. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

Because Grigorian failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

**PETITIONS FOR REVIEW DENIED.**

**Harjeet KAUR, et al., Petitioners,**

**v.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.